CLERK'S OFFICE U.S. DISTRICT. COURT
AT ROANOKE, VA
FILED

JUL 0 8 2024

LAURA A. AUSTIN, CLERK
BY: H. Beeson
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
(ROANOKE DIVISION)

TERRANCE LAMONT MOORE,
    Plaintiff,

vs.

Case No. 7:24CV437- D

(Federal Tort Claim Act)

UNITED STATES OF AMERICA,
    Defendant.

## COMPLAINT FOR DAMAGES

**(Assault and Battery, Gross Negligence, Violation
of Fourth Amendment Constitutional Rights)**

I. Jurisdiction and Venue

1. This Court has jurisdiction under 28 U.S.C.§§ 1331, 1346, the Fourth Amendment to the United States Constitution, and the Federal Tort Claims Act ("FTCA").

2. The plaintiff has complied with all prerequisities to a suit under the Federal Tort Claims Act in that: (a) On December 12, 2023, the plaintiff timely submitted an administrative claim on Form SF-95, Claim for Damage, Injury, or Death, for the matters in dispute in this action in the amount of $50,000.00 with the United States Department of Justice, Federal Bureau of Prisons' Mid-Atlantic Regional Office. See Exhibit "A"; (b) The defendant, by and through its agency, the Federal Bureau of Prisons, denied plaintiff' administrative claim and on February 1, 2024 mailed its

1

notice of denial, a copy of which is attached to this here complaint as Exhibit "B"; (c) This action was timely commenced following the denial of the administrative claim.

## II. Parties

3. Plaintiff is a resident of Virginia. The injuries described herein occurred while he was incarcerated at the United States Penitentiary Lee, located in Jonesville, Virginia.

4. Defendant United States of America is sued under the Federal Tort Claim Act for assault and battery, gross negligence, and unrerasonable seizure by a law enforcement officer of the U.S. Department of Justice', Federal Bureau of Prisons ("FBOP").

5. Defendant J. Ledford was, at all relevant times, an employee and correctional officer of the United States Bureau of Prisons, Department of Justice, an agency of the United States of America. The defendant is sued in his individual capacity.

## III. Facts

6. On September 30, 2023, at approxiamently 7:38 p.m., plaintiff Terrance Lamont Moore was walking along the common area of his assigned housing unit ("A-unit"). The plaintiff was suddenly attacked by another inmate, who turned around and punched the plaintiff in the back of his

2

head. The blow was hard enough to cause the plaintiff to immediately drop to his knees. As the plaintiff sought to cover himself from further attack, Bureau of Prisons' correctional officer J. Ledford entered the unit and began shouting, "Get down!" Plaintiff was already crouched on his knees and in a defenseless position however, and was neither resisting Officer Ledford's commands nor attempting to engage with the other inmate. At this point, Officer Ledford ran up to and grabbed the plaintiff around the arms and torso, and yanked him up from the floor. Officer Ledford then placed his foot up against the back of the plaintiffs' right heel and pushed plaintiff forward, while simultaneously spinning the plaintiff around with extreme force. At that point, the plaintiff heard the sound of bone snapping in his right lower leg and yelled, "you broke my leg!" Then, Officer Ledford grabbed the plaintiff by the waist, picked the plaintiff up off the ground and, developing momentum, swung the plaintiff upward and then thrust the plaintiff down onto the ground. As the plaintiff landed, he again heard the sound of bone snap and yelled out in pain. As this occurred, Officer Ledford maintained his grip and fell on top of the plaintiffs' back. The plaintiff landed on the concrete surface, striking his head and chest against the bricks, immediately causing the left side of his face and eye to swell. The plaintiff lay face down on

3

the concrete floor until other officers arrived. An officer pulled the plaintiff's hands behind his back and handcuffed him.

7. Officers lifted the plaintiff up, placed him in a wheelchair, and transported the plaintiff to the institution infirmary. At the infirmary, Officer Ledford entered the examination room where the plaintiff was being assessed by medical personnel. Officer Ledford began laughing and then requested (to another staff lieutenant) to receive a photo of the plaintiffs' ankle, heckling the plaintiff, stating: "I thought you were joking about your leg;" "I didn't mean to slam you down so hard," and "that must really hurt."

8. As a direct result of the acts of Officer Ledford described in paragraph 6 above, the plaintiff suffered pain and suffering and substantial injuries, including a right trimalleolar ankle fracture and malleolus fractures, involving 50% of his right ankle. As a further result of the acts of Officer Ledford described in paragraph 6 above, the plaintiff also sustained injuries to the left side of his face, including suffering subconjunctival hemorrhaging and soreness and numbness to his left eye, which continued for approxiamently four weeks. The plaintiff also suffered regular "shooting pains" from the left elbow to the left thumb for approxiamently two weeks following the incident. The frequency of the pain subsided after about two weeks,

4

but continued intermittently for approxiamently four more weeks. Finally, the plaintiff underwent two surgeries to his right broken ankle, requiring the permanent placement of a titanium plate and screws inserted. Exhibit "C", Ballard Medical Hospital Reports. The plaintiff remained wheelchair-bound for approxiamently six months.

IV. Common-Law Claims Against United States (FTCA)

9. The actions of Officer Ledford set forth in paragraph 6-8 constitute assault and battery in violation of Virginia common law. Under the Federal Tort Claims Act, the defendant United States of America is liable to the plaintiff for the unlawful actions of Officer Ledford as he was acting within the scope of his employment as a correctional officer of the United States Federal Bureau of Prisons; Department of Justice.

10. The actions of Officer Ledford set forth in paragraphs 6-7 constitute negligence in violation of Virginia common law. The officer breached a duty to the plaintiff to protect and care for him, so that to prevent serious injury. The officer breached his duty when he employed an amount of unnecessary force in a manner that caused the plaintiff pain and suffering and serious injury, thereby causing or showing an utter disregard of prudence amounting to complete neglect of the safety of another. This breach of duty constituted negligence in violation of Virginia

common law and was the direct and proximate cause of the plaintiff's pain and injury. Under the Federal Tort Claims Act the defendant United States of America is liable to the plaintiff for the unlawful actions of Officer Ledford, as he was acting within the scope of his employment as an officer of the United States Department of Justice, Bureau of Prisons.

## V. Constitutional Claims Against Officer J. Ledford (Bivens Claim)

11. The actions of Officer Ledford set forth in paragraphs 6-8 violated the plaintiff's right to be free from unreasonable seizures of the person under the Fourth Amendment to the United States Constitution. Defendant J. Ledford is liable to the plaintiff for these unlawful actions in violation of the Constitution.*

## VI. Prayer for Relief

A. On the claims stated in paragraphs 9-10, plaintiff asks the Court to enter judgment against defendant the United States of America.

B. On the claims stated in paragraph 10, the plaintiff

---

* The plaintiff's arguments in this regard are premised on the theory of excessive use of force and the teachings of Walters v. City of Charleston, 63 F. App'x 116, 117 (4th Cir. 2003), insomuch that Officer Ledford's actions were "not rationally related to a legitimate governmental objective of subduing 'an unruly [prisoner],'", and, even if one did exist, was excessive in relation to such purposes.

asks the Court to enter judgment against defendant United States of America and to hold the defendant United States of America liable to the plaintiff for compensatory damages in the sum to be determined at trial, but in no event less than $100,00.00;

C. On the claims stated in paragraph 11, the plaintiff asks the Court to enter judgment against defendant Officer J. Ledford;

D. For the injuries that the plaintiff suffered as a result of the claims stated in paragraphs 9-10 and 11, the plaintiff asks the Court to hold defendant's United States of America and Officer J. Ledford jointly and severally liable for compensatory damages and the costs of this action;

E. For the claims stated in paragraph 11, the plaintiff asks the Court to hold defendant J. Ledford further liable for punitive damages in the amount of $150,000.00.

VII. Jury Demand

Plaintiff demands a jury trial of his constitutional claims against Officer J. Ledford.

Dated: June 25, 2024.

Respectfully submitted,

*Terrance L. Moore*

Terrance Lamont Moore
Reg. No. 17644-056
USP Lee, PO Box 305
Jonesville, VA. 24263

Terrance Lamont Moore, #17699-056
United States Penitentiary -LEE
POST OFFICE BOX 305
Jonesville, VA. 24263



CLERK'S O
WESTERN DIS
210 FRAN
ROANOKE,

Legal Mail



Nashville P&DC 372
SAT 29 JUN 2024  AM

**RECEIVED**

JUL 0 8 2024

USDC Clerk's Office
Mail Room

OFFICE
TRICT OF VIRGINIA

CLIN ROAD, S.W. (ROOM 308)

VIRGINIA    24011-2204